1  Matthew A. Becker, Esq., (SBN 190748)
   **THE LAW OFFICE OF MATTHEW A. BECKER, PC**
2  1003 Isabella Avenue
   Coronado, California 92118
3  Telephone: (619) 522-6760
   Facsimile: (619) 522-6763
4
   Attorneys for Plaintiff
5  Anthony Johnson

6

7

8
                    **UNITED STATES DISTRICT COURT**
9
                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11 | ANTHONY JOHNSON, an       ) | CASE NO.  **'14CV1873 H    BLM**
      individual,              )
12                             )
                               )  **COMPLAINT FOR:**
13         Plaintiff,          )
                               )  1.  **FEDERAL COPYRIGHT INFRINGEMENT;**
14     v.                      )
                               )  2.  **CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND**
15 | STORIX, INC., a California )
     Corporation,              )  3)  **VICARIOUS COPYRIGHT INFRINGEMENT**
16                             )
                               )
17         Defendant.          )
                               )
18                             )
                               )
19 | _____)
                               )
20                             )
                               )
21                             )
                               )
22                             )   _____

23        PLAINTIFF, ANTHONY JOHNSON, an individual, (hereinafter

24 "Plaintiff"), hereby submits his Complaint for damages and relief against

25 Defendant STORIX, INC., a California Corporation, (hereinafter "Defendant")

26 and alleges as follows:

27 ///

28 ///

---

# GENERAL ALLEGATIONS

## THE PARTIES

1. Plaintiff is an individual, located in San Diego County, California.

2. Upon information and belief, Defendant Storix Inc., is a California corporation, with its principal place of business, located at 9150 Chesapeake Dr., Ste. 290, San Diego, California 92123.

## JURISDICTION AND VENUE

3. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§101, et. seq. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 1338(a).

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

5. On or about 1998, Plaintiff began developing computer systems backup software (hereinafter referred to as the "Software") which allows users to safely and securely backup the information on their computer systems.

6. On or about December 22, 1999, Plaintiff completed the development of the Software and registered the copyright to the Software in his name individually. The Software was assigned Federal Copyright **Registration No. TXu000988741**. Plaintiff is the sole author and developer of the Software. Plaintiff is further entitled to ownership of all modification or derivative thereto.

7. Plaintiff offered the Software and services connected thereto for sale to the public as a sole proprietor from 1999 until 2003. In 2003, Plaintiff developed the California corporation, Storix, Inc. (hereinafter "Storix"). Plaintiff was the sole shareholder of Storix at its inception and 25,000 shares were authorized. Plaintiff issued 1,000 shares to himself. Plaintiff did not transfer ownership of the Software to Storix at any time. Plaintiff continued operating Storix as its sole shareholder until June 2011, in which Plaintiff received an

annual salary from Storix of one hundred and seventy five thousand dollars ($175,000). Storix also employed several employees.

8. On or about June 2011, Plaintiff was required to take a medical leave from Storix due to a severe illness that was believed to be terminal. Plaintiff initially employed his sister, Michelle St. Claire, in his absence as an office and business manager.

9. Storix continued to employ the other employees after Plaintiff's medical leave began. Plaintiff further intended to leave shares of the company to some of the employees of Storix. Plaintiff did in fact grant shares in Storix to various employees amounting to sixty percent (60%) of the outstanding issued stock. Such employees were given the shares at no cost and Storix loaned additional funds to pay for any resulting income tax owed as a result of the transfer. Such loans for taxes were paid out of future distributions.

10. At no time were there any written agreements between Plaintiff, Storix, or any of the employees regarding the Software.

11. From September 2011 to February 2013, Plaintiff was on medical leave and his participation in the business was far less due to the medical issues. For his contributions to Storix and to maintain medical insurance, Plaintiff received a reduced annual salary of fifty thousand dollars ($50,000). During this period, the individual shareholders began operating Storix.

12. On or about February 2013, Plaintiff returned to work at Storix and continued working through May 2014 until he was forced out due to the hostile work environment created by the new individual shareholders. During the referenced period, Plaintiff began creating revisions to the Software to provide enhanced network security, changes to the core networking facilities, automation and management. Defendant had requested and approved Plaintiff's direction in creating these revisions. The preexisting code remains the core elements and engine of the Software.

13.     Plaintiff worked diligently on the revisions to the Software and contributed significant hours to the company in excess of fifty hours per week without an increase in his reduced fifty thousand dollar ($50,000) annual salary.

14.     Shortly after Plaintiff provided the initial version of the revised Software, various members of the new management became hostile and informed Plaintiff they were not interested in the new code.  Despite the fact that Plaintiff created the core Software, including ninety five percent of the revisions, and Storix, it became apparent to Plaintiff that certain members of the new shareholders wanted to oust him from the company and increased their hostility toward Plaintiff.   Plaintiff was forced to leave the company in May 2014.

15.     During the period of September 2011 to the present, Plaintiff has not been in control of Storix - Storix has been controlled by its new management who are also members of the new shareholders.  Such parties have engaged in numerous acts which have diluted both the company and Plaintiff's Software.  The new management has mismanaged Storix and have damaged the value of Plaintiff's Software by refusing to update and revise the Software, and keep up with industry standards.  As a result, profits and new sales in the company have declined.  If Defendant is allowed to continue its actions, the Software will undoubtedly become obsolete and unmarketable in the near future.  As a result, on or about July 22, 2014, Plaintiff informed Storix that it must cease all use of the Software.  Defendant, through counsel, informed Plaintiff that it would not cease use of the Software.

16.     Defendant has continued to knowingly and willfully infringe Plaintiff's copyright in the Software.  Defendant has had absolute control over the usage, sale and copying of the Software belonging solely to Plaintiff.  Despite Plaintiff's demand, Defendant has refused to cease its infringing activities.  Defendant's actions will cause irreparable harm to the Software as the current usage contradicts Plaintiff's goal to sell software that meets and exceeds industry

standards and reflects poorly on the quality and relevance of the Software.

## COUNT I.

## FEDERAL COPYRIGHT INFRINGEMENT

17. Plaintiff hereby incorporates by reference and realleges each of the allegations contained in paragraphs 1 through 16 above, as though fully set forth herein.

18. Plaintiff is the legal owner of the copyright in the Software and has complied with all of the laws and provisions relating to maintaining such copyrights.

19. By means of the actions complained of herein, Defendant has infringed and will continue to infringe Plaintiff's copyright in and relating to the Software, by producing, distributing, using, derivating, and placing upon the market products or portions thereof which were copied from Plaintiff's copyrighted Software.

20. Plaintiff is entitled to an injunction restraining Defendant, its distributors, officers, agents and employees, and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws.

21. Plaintiff is further entitled to recover from Defendant the damages Plaintiff has sustained and will sustain as a result of Defendant's willful acts as herein alleged. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages it has obtained as a result of its willful acts as herein alleged. Plaintiff at present is unable to ascertain the full extent of the gains, profits, and advantages Defendant has obtained by reason of its aforesaid acts of copyright infringement.

///
///
///
///

## COUNT II.

### Contributory Copyright Infringement

22. Plaintiff hereby incorporates by reference and realleges each of the allegations contained in paragraphs 1 through 21 above, as though fully set forth herein.

23. Defendant's conduct as more fully described herein, and by reproducing the Software and distributing it to third parties for retail sale and distribution, constitutes contributory copyright infringement.

24. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws.

25. Accordingly, Plaintiff has been and continues to be irreparably damaged by Defendant's actions and Plaintiff is entitled to injunctive relief and damages as may be proven at trial.

## COUNT III.

### Vicarious Copyright Infringement

26. Plaintiff hereby incorporates by reference and realleges each of the allegations contained in paragraphs 1 through 25 above, as though fully set forth herein.

27. Defendant's conduct as more fully described herein, and by reproducing the Software and distributing it to third parties for retail sale and distribution, constitutes vicarious copyright infringement.

28. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws.

29. Accordingly, Plaintiff has been and continues to be irreparably damaged by Defendant's actions and Plaintiff is entitled to injunctive relief and damages as may be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in its favor and against Defendant as follows:

1. That Defendant be held to have infringed Plaintiff's copyright in the Software.

2. That Defendant be held to have *willfully* infringed Plaintiff's copyright in the Software.

3. For injunctive relief, as provided in 17 U.S.C. § 502, namely for preliminary and permanent injunctive relief preventing Defendant, its distributors, officers, agents, servants, employees and attorneys, and all those persons acting or attempting to act in concert or participation with them, from directly or indirectly making, delivering, distributing, selling, transferring, copying, imitating, advertising, and/or marketing unauthorized versions of the Software, or substantially similar variations thereon or derivative works thereof.

4. That Defendant, its distributors officers, directors, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined to return to Plaintiff any and all originals, copies, facsimiles, or duplicates of the Software and any other materials or publications infringing on Plaintiff's copyright.

5. For judgment for actual compensatory damages to be proven at the time of trial as provided for in 17 U.S.C. 504;

6. For statutory damages in lieu of actual damages, as provided for in 17 U.S.C. 504;

7. For judgment for enhanced damages for Defendant's willful infringement, as provided for in 17 U.S.C. 504.

8. For Plaintiff's attorneys' fees and costs of this action, as provided for in 17 U.S.C. 504;

///

9. For such further and additional relief as the Court may deem just and proper, including pre- and post-judgment interest.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

Dated: August 8, 2014

Respectfully submitted,
THE LAW OFFICE OF MATTHEW A. BECKER, PC

By: /s/ Matthew A. Becker
Matthew A. Becker, Esq.
Attorneys for Plaintiff

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANTHONY JOHNSON, an individual

**(b)** County of Residence of First Listed Plaintiff  **San Diego County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew A. Becker
The Law Office of Matthew A. Becker, PC
1003 Isabella Ave, Coronado CA 92118 Telephone: (619) 522-6760

## DEFENDANTS
STORIX, INC., a California Corporation

County of Residence of First Listed Defendant  _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**'14CV1873 H    BLM**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☒ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Copyright Act of 1976, 17 U.S.C. §§101, et. seq.
Brief description of cause:
Federal Copyright Infringement; Contributory Copyright Infringement; Vicarious Copyright Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ Injunction / Monetary Damages
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 08/08/2014
SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____