,

Bernard F. King III, SBN 232518
**LAW OFFICES OF BERNARD F. KING III**
1455 Frazee Road, Suite 500
San Diego, California 92108
Telephone: (858) 746-0862
Facsimile: (858) 746-4045
E-mail: bking@bernardkinglaw.com

Attorney for Plaintiff Anthony Johnson

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON, an individual, | Case No. 14-cv-1873 H (BLM) |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ANTHONY JOHNSON'S MOTION FOR (1) AN ORDER QUASHING STORIX' WRIT OF EXECUTION; (2) A PROTECTIVE ORDER STAYING POST-JUDGMENT DISCOVERY; AND (3) AN ORDER STAYING ENFORCEMENT OF THE JUDGMENT |
| v. | |
| STORIX, INC., a California corporation, | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | **Courtroom: 15A (15th Floor - Carter/Keep)**<br>**Judge: Hon. Marilyn L. Huff**<br>**Magistrate: Hon. Barbara L. Major**<br><br>**Complaint Filed: August 8, 2014**<br>**Judgment Entered: December 18, 2015**<br>**Amd. Judgment Entered: November 16, 2016** |

////////
////////
////////
////////
////////

,

I
INTRODUCTION

Plaintiff and Counter-Defendant Anthony Johnson files this motion for (1) an order quashing Defendant and Counter-Claimant Storix, Inc.'s writ of execution, (2) a protective order staying post-judgment discovery, and (3) an order staying enforcement of the judgment pursuant to Rule 69(a)(1) of the Federal Rules of Civil Procedure. Alternatively, Plaintiff requests the Court reconsider its prior order denying Plaintiff's motion for a discretionary stay pursuant to Rule 62(d).

Rule 69(a)(1) requires that in the absence of an applicable federal statute, enforcement of a judgment "must accord with the procedure of the state where the court is located." California law prohibits the enforcement of a judgment solely for costs and fees while an appeal is pending. Because there is no federal statute addressing this issue, California law applies and Storix's costs-only judgment should be stayed pending a decision on Plaintiff's appeal.

II
BACKGROUND

On August 8, 2014, Plaintiff filed a complaint alleging copyright infringement of his software program. (Doc. No. 1.) On September 19, 2014, Storix filed an answer and counterclaim seeking a declaratory judgment that it did not infringe any copyright and that it owned all copyrights in the software. (Doc. No. 5.) On December 8, 2015, the action came before the Court for a jury trial. (Doc. No. 142.) On December 15, 2015, the jury returned a verdict in favor of Storix. (Doc. No. 160.) On December 18, 2015, the Court entered judgment in favor of Storix and awarded costs to Storix as provided by law. (Doc. No. 164.) On January 4, 2016, Storix filed its bill of costs. (Doc. No. 166.) On January 25, 2016, the Clerk granted Storix taxable costs pursuant to 28 U.S.C. § 1920 amounting to $11,414.64. (Doc. No. 178.) On January 4, 2016, Storix filed a motion pursuant to 17 U.S.C. § 505 seeking costs not taxable under 28 U.S.C. § 1920 as well as attorneys' fees. (Doc. No. 165.) On August 17, 2016, the Court granted in part and denied in part Storix's motion for attorneys' fees and costs (Doc. No. 230), and on November 16, 2016, the Court entered

an amended judgment of $555,118.64 for fees and costs only, in favor of Storix and against Plaintiff. (Doc. No. 246.)

On November 28, 2016, Plaintiff filed a motion for a discretionary stay of the judgment pending appeal under Rule 62(d). (Doc. No. 251.) Plaintiff argued the Court should exercise its discretion and excuse him from posting a supersedeas bond or, in the alternative, that he be permitted to use his stock in Storix as a guarantee of the judgment and that the bond be reduced by 50 percent. (Doc. No. 251.) On December 13, 2016, the Court denied Plaintiff's motion for a discretionary stay, and ordered that he post a supersedeas bond equal to 1.25 times the amount of the judgment. (Doc. No. 256.) The Court also stayed the decision for two weeks to allow Plaintiff time to appeal the order. (Doc. No. 256.) In a one-page decision, the Court of Appeal denied Plaintiff's motion on January 13, 2017. (Doc. No. 260.)

On January 27, 2017, the clerk signed Storix's requests for a writ of execution, praecipe, and abstract of judgment. (Doc. No. 262-264.) On April 28, 2017, Storix served Plaintiff with post-judgment written discovery.

### III
### ARGUMENT

A. <u>The Judgment Should Be Stayed Under Rule 69(a)(1)</u>

    1. <u>Post-Judgment Enforcement Must Follow California Law</u>

In proceedings to enforce federal court judgments, "state law has invariably been observed." *United States v. Yazell*, 382 U.S. 341, 354-355 (1966). Prior to the adoption of the Federal Rules, this policy was reflected in "Revised Statutes § 916, now Rule 69 of the Federal Rules of Civil Procedure." *United States v. Yazell, supra,* 382 U.S. at 354-355 (1966), citing *Fink v. O'Neil,* 106 U. S. 272 (1882). Rule 69(a)(1) now governs the enforcement of money judgments in federal court and provides, in pertinent part:

///////

///////

- 2 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ANTHONY JOHNSON'S MOTION FOR (1) AN ORDER QUASHING STORIX' WRIT OF EXECUTION; (2) A PROTECTIVE ORDER STAYING POST-JUDGMENT DISCOVERY; AND (3) AN ORDER STAYING ENFORCEMENT OF THE JUDGMENT

,
> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed.R.Civ.P. 69(a)(1).

"[T]he legislative history and judicial application of Rule 69(a) make clear that the first sentence of the Rule expresses a limitation on the means of enforcement of money judgments and does not create a general power to issue writs of execution in disregard of the state law incorporated by the rest of the Rule." *Gabovitch v. Lundy*, 584 F. 2d 559, 560-561 (1st Cir.1978). Thus, "in the absence of controlling federal statutes, 'the district court has the same authority to aid judgment creditors ... as that ... provided to state courts under local law.'" *Duchek v. Jacobi*, 646 F. 2d 415 (9th Cir. 1981), quoting *United States ex rel. Goldman v. Meredith*, 596 F.2d 1353, 1357 (8th Cir. 1979), cert. denied, 444 U.S. 838, 100 S.Ct. 76, 62 L.Ed.2d 50 (1980); See also *Hilao v. Estate of Marcos*, 95 F.3d 848, 853-54 (9th Cir.1996) (holding that enforcement of a judgment registered in California must comply with California law); *Aetna Cas. & Sur. Co. v. Markarian*, 114 F.3d 346, 349 (1st Cir.1997) ("Where a money judgment has been entered in federal court, enforcement of the judgment is governed by Fed.R.Civ.P. 69, which provides that the procedures to be used are those of the state in which the district court sits, unless there is an applicable federal statute.").

### 2. California Law Prohibits the Enforcement of "Costs-Only" Judgments Pending Appeal

California's judgment enforcement laws provide that *"[e]xcept as otherwise provided by law, all property of the judgment debtor is subject to enforcement of a money judgment."* (Code Civ. Proc., § 695.010, subd. (a).) (emphasis added) Further, under California law, "the perfecting of an appeal stays proceedings in the trial court… , including enforcement of the judgment or order." (Code Civ. Proc., § 916, subd. (a).) Although California usually requires an undertaking or a bond to stay enforcement of a money judgment on appeal, "no undertaking shall be required pursuant to this section solely for costs" described in Code of Civil Procedure section

- 3 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ANTHONY JOHNSON'S MOTION FOR (1) AN ORDER QUASHING STORIX' WRIT OF EXECUTION; (2) A PROTECTIVE ORDER STAYING POST-JUDGMENT DISCOVERY; AND (3) AN ORDER STAYING ENFORCEMENT OF THE JUDGMENT

,

1021, et seq. (Code Civ. Proc., § 917.1, subd. (a) & (d).) Pursuant to these statutes, attorney fees "authorized by law" are included as "costs." (Code Civ. Proc., § 1033.5, subd. (a)(10)(C).) Moreover, "costs awarded under a federal statute and federal case law are still costs for purposes of state law." *Quiles v. Parent,* ___ Cal.App.5th ___, Case No. G054353 (Cal.Ct.App. Mar. 27, 2017) (hereafter "Quiles").[1]

In *Quiles*, the plaintiff prevailed on a claim for wages under the Fair Labor Standards Act and the trial court awarded attorney fees and costs pursuant to 29 U.S.C. § 216(b). *Quiles, supra,* Slip Op. at 4. The defendant paid the money damages portion of the judgment, appealed the award of fees and costs, and sought to have judgment stayed on appeal without filing a bond. *Id*. at 4-5. The Court of Appeal noted that "for nearly 125 years, the 'well established' rule in this state has been that a judgment consisting solely of costs is not a money judgment requiring an undertaking. *Id.* at 7, citing *Bank of San Pedro v. Superior Court*, 3 Cal.4th 797, 801(1993) ("Bank of San Pedro"). Nevertheless, in *Bank of San Pedro* the California Supreme Court held this rule inapplicable to "non-routine" costs awarded under Code of Civil Procedure section 998. *Quiles, supra,* Slip Op. at 14-15.

> Thus, in 1992, our Supreme Court established a framework for analyzing whether particular categories of costs are money judgments or costs-only judgments. The black letter rule taken away from the case was that a court must decide whether the particular costs in question are "routine" or "nonroutine."

*Quiles, supra,* Slip Op. at 14-15.

However, as noted in *Quiles*, after the California Supreme Court's decision in *Bank of San Pedro*, the Legislature amended Section 917.1 to specifically state that (1) the automatic stay on appeal did not apply to costs awarded under Section 998; and (2) the automatic stay continued to apply to all other cost awards. *Id.* at 8, 15-17. Thus, *Quiles* decided that the routine vs. nonroutine

---

[1] A copy of the Slip Opinion in *Quiles v. Parent* is attached to the concurrently filed declaration of Bernard F. King III as Exhibit 1.

- 4 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ANTHONY JOHNSON'S MOTION FOR (1) AN ORDER QUASHING STORIX' WRIT OF EXECUTION; (2) A PROTECTIVE ORDER STAYING POST-JUDGMENT DISCOVERY; AND (3) AN ORDER STAYING ENFORCEMENT OF THE JUDGMENT

,

test in *Bank of San Pedro* had been superseded by statute and it reaffirmed the bright line test that applied the automatic stay on appeal to all fees and costs other than those specifically exempted under Section 917.1. *Ibid.*

Here, the judgment against plaintiff is solely for attorney fees and costs. There was no award of money damages. That the fees and costs were awarded under federal law makes no difference – the judgment is solely for "costs" as defined under California law. Under California judgment enforcement law, Storix cannot enforce this judgment while plaintiff's appeal is pending.

Because Rule 69(a)(1) adopts state judgment enforcement laws, enforcement of this costs-only judgment is prohibited in this District Court unless another federal statute applies. There is, however, no federal statute that makes cost-only judgments immediately enforceable in federal courts. In fact, rather than signal any intention to preempt California law on this point, "Congress expressly declared its intent not to preempt state law in approving Rule 69(a)." *El-Tabech v. Clarke*, 616 F. 3d 834 (8th Cir. 2010) (judgment for attorney fees and costs stayed under Nebraska statutes).

Moreover, interpreting the Federal Rules to preempt California's automatic stay on appeal of "cost-only" judgments would run afoul of the Rules Enabling Act because it would "abridge, enlarge or modify [a] substantive right," i.e. to have a costs-only judgment stayed while on appeal. 28 U.S.C. § 2072(b); *Freund v. Nycomed Amersham*, 347 F. 3d 752, 769 (9th Cir. 2003) (federal rules narrowly interpreted "to avoid abridging substantive rights.") (J. Gould, *dissenting*).

Accordingly, California law applies and Storix cannot enforce the judgment unless and until the appeal is decided in its favor. Thus, the writ of execution should be quashed, and this costs-only judgment should be stayed pending the outcome of the appeal.

3. California Law Prohibits Post-Judgment
<u>Discovery While a Judgment Is Stayed on Appeal</u>

Article 1, Chapter 6, Division 2 of California's judgment enforcement law provides that a judgment creditor may serve interrogatories and document requests on a judgment debtor. (Code Civ. Proc., §§ 708.020, 708.030.) However, "where the enforcement of the judgment is stayed, all

,

proceedings under this article are stayed unless the court otherwise expressly orders." (Code Civ. Proc., § 708.010, subd. (b).) As set forth above, enforcement of the judgment should be stayed under Rule 69(a)(1), pending the outcome on appeal. Because Rule 69(a)(1) adopts California judgment enforcement law, post-judgment discovery should also be stayed under Code of Civil Procedure section 708.010, subdivision (b). Accordingly, the Court should issue a protective order staying post-judgment discovery during the pendency of the appeal.

      B.      Alternatively, the Court Should Exercise Its Discretion to Stay the Judgment Under Rule 62(d)

            1.      Reconsideration of Plaintiff's Request For a Discretionary Stay Is Appropriate

Under both Rule 59 and Rule 60(b), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). The recent decision by the California Court of Appeal in *Quiles v. Parent*, ___ Cal.App.5th ___, Case No. G054353 (Cal.Ct.App. Mar. 27, 2017) fundamentally changed the applicable law in California such that plaintiff now has a clear state law claim to have the judgment stayed pending the appeal. Accordingly, this is an intervening change in the law justifying reconsideration.

Specifically, *Quiles* held that the Supreme Court's decision in *Bank of San Pedro* had been superseded by statute and that the automatic stay of costs-only judgments on appeal no longer depends on whether the fees and costs are routine versus nonroutine, or mandatory versus discretionary. *Quiles* further held that the stay applies to fees and costs awarded pursuant to federal statutes. Here, the Court awarded discretionary fees pursuant to federal copyright statutes. *Quiles* thus brought the instant judgment within the scope of California's automatic stay law. Further, the decision was published on March 27, 2017, after Plaintiff's motion for a discretionary stay had already been decided. *Quiles* thus qualifies as an intervening change in controlling law, and Plaintiff

- 6 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ANTHONY JOHNSON'S MOTION FOR (1) AN ORDER QUASHING STORIX' WRIT OF EXECUTION; (2) A PROTECTIVE ORDER STAYING POST-JUDGMENT DISCOVERY; AND (3) AN ORDER STAYING ENFORCEMENT OF THE JUDGMENT

,
submits that the Court should therefore reconsider its prior order denying a discretionary stay in deference to California's judgment enforcement laws set forth above.

## IV
## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be granted and the Court should enter (1) an order quashing Defendant and Counter-Claimant Storix, Inc.'s writ of execution, (2) a protective order staying post-judgment discovery, and (3) an order staying enforcement of the judgment pursuant to Rule 69(a)(1) of the Federal Rules of Civil Procedure.

DATED: May 31, 2017                    Respectfully submitted,

LAW OFFICES OF BERNARD F. KING III

By: s/Bernard F. King III
    BERNARD F. KING III
    Attorney for Plaintiffs
    bking@bernardkinglaw.com

## PROOF OF SERVICE

I, Bernard F. King III, declare that:

I am over the age of 18 years and not a party to the action; I work in the County of San Diego, California where the mailing occurs, and my business address is 1455 Frazee Road, Suite 500, San Diego, CA 92108.

I further declare that I am familiar with the business practice for sending first class and electronic email, pursuant to which practice I served on the date set forth below MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ANTHONY JOHNSON'S MOTION FOR (1) AN ORDER QUASHING STORIX' WRIT OF EXECUTION; (2) A PROTECTIVE ORDER STAYING POST-JUDGMENT DISCOVERY; AND (3) AN ORDER STAYING ENFORCEMENT OF THE JUDGMENT by electronic mail via the CM/ECF system sent to the e-mail addresses of counsel listed below:

| | |
|---|---|
| Paul A. Tyrell, Esq.<br>Sean M. Sullivan, Esq.<br>PROCOPIO CORY HARGREAVES & SAVITCH<br>525 B Street, Suite 2200<br>San Diego, CA 92101 | Attorneys for Nominal Defendant<br>STORIX, INC.<br>Paul.tyrell@procopio.com<br>Sean.sullivan@procopio.com |

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on May 31, 2017, at San Diego, California.

                                                                  s/Bernard F. King III
                                                                  BERNARD F. KING III