**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>STORIX, INC., a California Corporation,<br><br>    Defendant and Counter-Claimant. | Case No.: 3:14-cv-1873-H-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO QUASH THE WRIT OF EXECUTION AND DENYING MOTION TO STAY POST-JUDGMENT DISCOVERYAND ENFORCEMENT OF THE JUDGMENT**<br><br>[Doc. No. 268] |

On November 16, 2016, the Court entered a final amended judgment, which included an award for attorneys' fees in the amount of $555,118.64, in favor of Defendant and Counter-Claimant Storix, Inc. and against Plaintiff and Counter-Defendant Anthony Johnson. (Doc. No. 246.) On November 28, 2016, Johnson filed a motion to stay

enforcement of the judgment pending appeal. (Doc. No. 251.) Storix filed an opposition, and the Court held telephonic status conferences on November 17, November 29, and December 13, 2016. (Doc. Nos. 248, 252, 254, 255.) In a written order, the Court granted the motion to stay enforcement of the judgment pending appeal on the condition that Johnson must post a supersedeas bond in the amount of the full judgment. (Doc. No. 256.) The Court ordered Johnson to file notice of the supersedeas bond with the Court by December 20, 2016. (Id. at 4.)

On December 20, 2016, Johnson filed a motion to stay execution of the judgment with the Ninth Circuit. (See Doc. No. 258 at 3.) On December 23, 2016, Johnson filed an ex parte motion in this Court to continue the stay until the Ninth Circuit could rule on the motion filed with that court. (Doc. No. 258.) This Court granted the motion, extending the stay of enforcement for 30 days from December 27, 2016. (Doc. No. 259.) The Ninth Circuit denied Johnson's motion to stay on January 13, 2017. (Doc. No. 260.)

Johnson did not file a notice of a supersedeas bond with this Court. On January 27, 2017, the Clerk of Court issued an abstract of judgment and a writ of execution. (Doc. Nos. 263-64.) On April 28, 2017, Storix served Johnson with post-judgment written discovery. (Doc. No. 268-2 at 3, ¶ 9.) On May 30, 2017, Johnson responded to each discovery request with the following objection:

> Objection. As set forth in plaintiff's concurrently filed motion, post-judgment discovery and other proceedings to enforce the judgment should be stayed pending the outcome on appeal in accordance with Rule 69(a) of the Federal Rules of Civil Procedure and California law.

(Doc. No. 269-1.) In addition to this objection, Johnson asserted various forms of privilege in response to some of the discovery requests. (Id.) On May 31, 2017, Johnson filed a motion for (1) an order quashing Defendant's writ of execution, (2) a protective order staying post-judgment discovery, and (3) an order staying enforcement of the judgment. (Doc. No. 268.) Storix filed an opposition on June 19, 2017, and Johnson filed a reply on June 26, 2017. (Doc. Nos. 269, 270.)

Pursuant to its discretion under Local Rule 7.1(d)(1), the Court determines that the motion is fit for resolution without oral argument. Accordingly, the Court submits the motion on the parties' papers and vacates the scheduled hearing. For the reasons that follow, the Court denies Johnson's motion and overrules his objections to post-judgment discovery.

## Discussion

### I. Johnson is not entitled to a stay of enforcement pending appeal

Johnson began this action on August 8, 2014 by filing a complaint against Storix for copyright infringement of a software program. (Doc. No. 1.) Storix filed a counterclaim seeking a declaratory judgment that it did not infringe any copyright and that it owned all copyrights in the software. (Doc. No. 5.) On December 15, 2015, a jury returned a verdict in favor of Storix and against Johnson. (Doc. No. 160.) On January 4, 2016, Storix filed a motion pursuant to 17 U.S.C. § 505 seeking costs not taxable under 28 U.S.C. § 1920 as well as attorneys' fees. (Doc. No. 165.) The parties briefed the issue and attended mediation sessions. (Doc. Nos. 180, 184, 202, 204.)

On June 16, 2016, the Supreme Court issued an opinion in Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979 (2016). At the Court's request, each party briefed the Court on how that decision should impact the Court's analysis of Storix's motion for costs and fees on July 18, 2016. (Doc. Nos. 217-18, 223-24.) On November 16, 2016, the Court entered a final amended judgment in favor of Storix, which included an award for attorneys' fees. (Doc. No. 246.) Storix now seeks to enforce that judgment, but Johnson argues that enforcement must be stayed pending appeal.

Johnson argues that under the Federal Rules of Civil Procedure, post-judgment enforcement must follow California law. (Doc. No. 268-1 at 3-4.) California law purportedly prohibits enforcement of costs-only judgments pending appeal. (Id. at 4-5.) Johnson argues that the award of attorney's fees is a costs-only judgment. Therefore, according to Johnson, he is not required to post a supersedeas bond while his case is on appeal. In support of his position, Johnson cites Rule 69(a), which provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

FED. R. CIV. P. 69(a)(1).

Johnson misapplies the Federal Rules. "Although it is true that under California law, an appellant may obtain a stay of execution of a costs-only judgment without posting bond, the Federal Rules reflect no such policy." Aldasoro v. Kennerson, 915 F. Supp. 188, 192-93 (S.D. Cal. 1995) (internal citation omitted). Under Rule 69(a), state law provides the "procedure" on execution of a judgment. FED. R. CIV. P. 69(a)(1). In other words, it addresses the manner of executing a judgment—it does not address when a judgment may be stayed or whether a supersedeas bond is required pending appeal. Those issues are governed by federal law, which establishes when a judgment becomes final and when a judgment may be stayed. See FED. R. CIV. P. 54, 62; see also Lamon v. City of Shawnee, Kan., 758 F. Supp. 654, 656 (D. Kan. 1991) ("[T]he court finds that Rule 69(a) merely addresses the manner of execution of a judgment; it does not address whether the posting of a supersedeas bond pending an appeal is required."). Federal law also completely governs attorney's fee awards in copyright cases. See 17 U.S.C. § 505; Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979 (2016). As relevant here, federal law specifically sets forth the conditions by which a stay may be had pending appeal, providing that when "an appeal is taken, the appellant may obtain a stay by supersedeas bond." FED. R. CIV. P. 62(d).

The Court entered the amended judgment on November 16, 2016. (Doc. No. 246.) On December 13, 2016, the Court granted a stay of execution on the condition that Johnson would post a supersedeas bond. (Doc. No. 256.) The Court extended the stay of execution for 30 days from December 27, 2016, again directing Johnson to post a bond. (Doc. No. 259.) On January 13, 2017, the Ninth Circuit denied Johnson's motion to stay execution pending Johnson's appeal with that court. (Doc. No. 260.) Now, seven months after the Court entered its amended judgment, Johnson is again seeking a stay of execution without

obtaining a supersedeas bond. Under to Rule 62, the "posting of a bond protects the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." N.L.R.B. v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988). Pursuant to Rule 62(d) and the orders issued by this Court and the Ninth Circuit, Johnson must post a supersedeas bond in order to obtain a stay of execution.

Even if the word "procedure" in Rule 69(a) could be construed to encompass whether a bond can be required pending appeal, state law would still be inapplicable to this case. State law does not govern the procedure on execution where there is an applicable federal statute. Office Depot Inc. v. Zuccarini, 596 F.3d 696, 700-701 (9th Cir. 2010); FED. R. CIV. P. 69(a)(1). The Federal Rules have the "force and effect of federal statutes." Zuccarini, 596 F.3d, at 701 (quoting Schneider v. Nat'l R.R. Passenger Corp., 72 F.3d 17, 19 (2d Cir.1995)). Rule 62 expressly provides the conditions under which a federal judgment may be stayed. FED. R. CIV. P. 62. "Accordingly, California law, whatever its precise content on this point, will not be applied." Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc., 40 F. Supp. 2d 1141, 1143 (C.D. Cal. 1999) (under Rules 62 and 69, federal law governs supersedeas bond approval and the effect thereof); see also Leuzinger v. Cty. of Lake, 253 F.R.D. 469, 476 (N.D. Cal. 2008) (holding that the state law cited by Johnson, § 917.1 of the California Code of Civil Procedure, must yield to Rule 62 as a matter of federal supremacy and also under the express language of Rule 69(a)(1)). Because California law does not apply, the Court denies Johnson's motion.

In the alternative, Johnson asks the Court to reconsider its order requiring a supersedeas bond. (Doc. No. 268-1 at 7-8.) Johnson's request for reconsideration is premised on a recent decision by a state court in California. (Id.) But because state law does not govern here, the state court case does not provide grounds for reconsideration. Accordingly, the Court declines to reconsider its order requiring a supersedeas bond.

## II. The Court overrules Johnson's objections to post-judgment discovery

Storix served Johnson with post-judgment interrogatories and document requests, and Johnson responded to each discovery request with the following objection:

> Objection. As set forth in plaintiff's concurrently filed motion, post-judgment discovery and other proceedings to enforce the judgment should be stayed pending the outcome on appeal in accordance with Rule 69(a) of the Federal Rules of Civil Procedure and California law.

(Doc. No. 269-1.) In addition to this objection, Johnson asserted various forms of privilege in response to some of the discovery requests. (Id.) Storix asks the Court to issue an order overruling Johnson's objections.

Johnson is not entitled to a stay pending appeal. Accordingly, the Court overrules Johnson's objections to post-judgment discovery. Johnson must comply with the post-judgment discovery requests to the extent that such production would not violate attorney-client privilege. If Johnson asserts attorney-client privilege in response to any request for production, he is ordered to state the grounds for privilege with specificity. The magistrate judge will then rule on the asserted privilege.

## Conclusion

For the foregoing reasons, the Court denies Johnson's motion and overrules his objections to post-judgment discovery. Johnson must comply with the post-judgment discovery requests to the extent that such production would not violate the attorney-client privilege. If Johnson asserts attorney-client privilege in response to any request for production, he is ordered to state the grounds for privilege with specificity. The magistrate judge will then rule on the asserted privilege.

**IT IS SO ORDERED.**

DATED: June 27, 2017

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT