Paul A. Tyrell (Bar No. 193798)
E-mail: paul.tyrell@procopio.com
Sean M. Sullivan (Bar No. 254372)
E-mail: sean.sullivan@procopio.com
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendant/Counterclaimant Storix, Inc.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STORIX, INC., a California Corporation,<br><br>Defendant. | Case No. 14-CV-1873 H (BLM)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STORIX INC.'S MOTION TO ENFORCE SURETY'S LIABILITY ON SUPERSEDEAS BOND PURSUANT TO FED. R. CIV. P. 65.1 |
| AND RELATED COUNTERCLAIMS. | Date: July 6, 2020<br>Time: 10:30 a.m.<br>Courtroom: 15A (15th Floor - Carter/Keep)<br>Judge: Hon. Marilyn L. Huff<br>Magistrate: Hon. Barbara L. Major<br><br>Complaint Filed: August 8, 2014<br>Trial Date: December 8, 2015<br>Judgment: December 18, 2015<br>Amd. Judgment: November 16, 2016<br>2nd Amd. Judgment: August 7, 2018 |

## I. INTRODUCTION

Storix, Inc. moves pursuant to Federal Rule of Civil Procedure 65.1 to enforce the liability on supersedeas bond no. 2160544 posted by Anthony Johnson, as principal, and Great American Insurance Company ("Great American"), as surety, in the sum of $427,932.81. *See* Dkt. 312. The Court should grant Storix's motion because the judgment in its favor is now final, and the Ninth Circuit's mandate lifts the Rule 62(d) stay on execution of that judgment.

## II. BACKGROUND FACTS

Nearly five years ago, in December 2015, Storix prevailed at trial in this copyright matter and this Court later entered a discretionary award in favor of Storix and against Johnson for attorneys' fees in the amount of $543,704, with taxable costs of $11,414.64, for a total judgment of $555,118.64. Dkt. 246. Johnson obtained an order conditionally staying execution of the judgment upon his posting of a supersedeas bond in the full amount of the judgment while he pursued an appeal to the Ninth Circuit. Dkt. 256.

Johnson has done everything in his power to delay Storix's collection of its judgment. Rather than timely post a bond, Johnson filed a motion in the Ninth Circuit seeking to stay execution of the judgment, and a related ex parte motion in this Court. Dkt. 258. While this Court continued the stay for 30 days based on Johnson's ex parte application, the Ninth Circuit denied his motion to stay. Dkt. 259 & 260, respectively.

In January 2017, after Johnson had still not posted the supersedeas bond, the Clerk of Court issued an abstract of judgment and a writ of execution. Dkts. 263-64. Johnson then filed a motion to quash the writ of execution and sought a protective order to avoid responding to Storix's post-judgment discovery. Dkt. 268. This Court denied Johnson's motion and overruled his objections to the discovery. Dkt. 271.

In June 2017, Johnson finally posted a supersedeas bond issued by Great American in the amount of $555,118.64, which the Court approved. Dkts. 273-74.

Accordingly, the Court stayed execution of the judgment pending the outcome of Johnson's appeal. Dkt. 274.

In December 2017, the Ninth Circuit affirmed the jury's verdict and this Court's exercise of discretion in awarding attorneys' fees under the Copyright Act. *See Johnson v. Storix, Inc.*, 716 F.App'x 628 (9th Cir. 2017). However, the Ninth Circuit found the fee award excessive, and remanded to this Court to reconsider the amount. *Id.*[1] On remand, this Court honored the Ninth Circuit's instructions and reduced the original fee award by 25% "across-the-board" to $407,778.00. Dkt. 299. In August 2018, the Court entered a second amended judgment in the amount of $419,192.64 ($11,414.64 in taxable costs and $407,778 in fees), plus post-judgment interest at a rate of 0.695%, compounded annually, running from November 16, 2016 until the date of payment. Dkt. 300.

The Court entered a further order conditionally staying enforcement of the second amended judgment if either (i) Johnson allowed the original bond to remain in place, or (ii) Johnson posted a new bond in the full amount of the second amended judgment, plus all post-judgment interest from November 16, 2016 until the date of such new bond being issued. Dkt. 309. In September 2018, Johnson posted a new bond issued by Great American (No. 2160544) in the amount of $427,932.83 ("the Bond"), which he asserted was "sufficient to cover all fees, costs and interest on the Second Amended Judgment through November 15, 2019." Dkt. 312.[2] Accordingly, the Court issued an order releasing the original supersedeas bond issued by Great American (no. 9826831). Dkt. 313.

---

[1] Johnson filed a petition for writ of certiorari which the United States Supreme Court denied. *Johnson v. Storix, Inc.*, 139 S. Ct. 76, 202 L. Ed. 2d 24 (2018).

[2] In fact, as of June 3, 2020, the filing date of this motion, the amount owed on the second amended judgment, based on annual compounding interest, is $429,615.44.

On February 5, 2020, the Ninth Circuit fully affirmed this Court's second amended judgment. *See Johnson v. Storix, Inc.*, 792 F.App'x 501, 502 (9th Cir. 2020).

Johnson immediately petitioned for panel rehearing, which the Ninth Circuit denied on February 21, 2020. *See* Dkt. 315. Johnson then filed another petition for writ of certiorari. *See Johnson v. Storix, Inc.*, U.S. Sup. Ct. Case No. 19-1244 (Petition for certiorari filed Apr. 16, 2020).

In a further attempt to delay Storix from collecting on its judgment, Johnson then moved the Ninth Circuit twice, both before and after he filed his petition for writ of certiorari, for an order staying the mandate pending disposition of his petition. On April 29, 2020, the Ninth Circuit denied Johnson's stay motions. Dkt. 316. That same day, Johnson filed an application with the Supreme Court of the United States, directed specifically to Justice Kagan, seeking an order staying the execution of the second amended judgment pending disposition of his petition for writ of certiorari. On May 12, 2020, Justice Kagan denied that application. *See* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/19-1244.html.

The Ninth Circuit issued the mandate on May 7, 2020[3], and on May 18, 2020, this Court entered an order spreading the mandate. Dkt. 320.

Accordingly, the second amended judgment is now final, Johnson has exhausted all of his appeals as a matter of right, and he is without further options to delay Storix from seeking enforcement against the Bond.

## III. ARGUMENT & AUTHORITIES

### A. Summary Bond Enforcement Under Federal Rule 65.1

A party may enforce a surety's liability on a supersedeas bond "under either Rule 65.1's summary procedure or through an independent action." *Bass v. First*

[3] The Ninth Circuit prematurely issued a mandate on April 30, 2020, which it recalled that same day.

*Pac. Networks, Inc.*, 219 F.3d 1052, 1054 (9th Cir. 2000). Federal Rule of Civil Procedure 65.1 (Proceedings Against a Surety) provides:

> Whenever these rules . . . require or allow a party to give security, and security is given through a bond or other undertaking with one or more sureties, each surety submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the bond or undertaking. The surety's liability may be enforced on motion without an independent action. The motion and any notice that the court orders may be served on the court clerk, who must promptly mail a copy of each to every surety whose address is known.

This Court's Local Rules also facilitate expeditious proceedings to enforce a surety's liability. Local Civil Rule 65.1.2.g allows for "Summary Judgment Against Sureties." It provides that: "Every bond within the scope of Civil Local Rule 65.1.2 will contain the surety or sureties' consent that in case of the principal's, surety or sureties' default, upon notice of not less than twenty-eight (28) days the court may proceed summarily and render judgment against them and award execution." CivLR 65.1.2.g(1). Also, "[a]ny indemnitee or party in interest who seeks the judgment provided by Civil Local Rule 65.1.2.g will proceed by motion and with respect to personal sureties and corporate sureties will make the service provided by Fed. R. Civ. P. 5(b) or 31 U.S.C. Section 9306, respectively." CivLR 65.1.2.g(2).

In sum, Federal Rule of Civil Procedure 65.1 "permits the liability of a surety to be enforced through an expeditious, summary procedure" by merely filing a motion (*see* 11A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2972 (3d ed.); *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 20 (1st Cir. 2007)), and the Local Rules provide for the streamlining of such proceedings.

**B. The Bond is a Surety Under Federal Rule 65.1**

In order to collect on the Bond under Rule 65.1, Storix must show that: (1) the supersedeas bond consists of sureties as contemplated under Rule 65.1; and (2) the Ninth Circuit has entered final judgment in Storix's favor and issued its mandate.

*Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2015 WL 8477855, at *6 (N.D. Cal. Dec. 9, 2015) (granting Rule 65.1 motion); *see Astro-Med, Inc. v. Plant*, CA 06-533 ML, 2010 WL 537101, at *5 (D.R.I. Feb. 12, 2010) (same). These conditions are met here.

First, the Bond states on its face that it was posted by Johnson “as Principal” and Great American “as Surety” to be “bound to STORIX, INC., as Obligee, jointly and severally in the sum of $427,932.81, for the payment of which we bind ourselves, our heirs, personal representatives, successors and assigns, jointly and severally.” *See* Dkt. 312 at p. 4. The Court previously approved the Bond as a security against the second amended judgment. *See* Dkt. 313.

Thus, the Bond is plainly a bond issued by Great American as a surety squarely within the scope of Rule 65.1. *See* Fed. R. Civ. P. 65.1 (“Whenever these rules . . . allow a party to give security, and security is given through a bond or other undertaking with one or more sureties, each surety submits to the court’s jurisdiction[.]”).

In fact, the language of the bond agreement states it may only be released if the judgment liability is otherwise satisfied by the Principal, Johnson:

> THE CONDITION OF THIS BOND, is that if the Principal shall satisfy any money judgment contained in the above case in full, including, if allowed by law, costs, interest, attorney’s fees and damages for delay in the event an appeal if said order/judgment is dismissed or is affirmed, but in no event to exceed the penalty amount set out above, then this obligation shall be null and void; otherwise to remain in full force and effect.

Dkt. 312. Great American’s obligation to Storix remains in full service and effect under the terms of the Bond, as Johnson has not satisfied the judgment otherwise. *See* Declaration of David Huffman, filed herewith.

**C. The Ninth Circuit’s Issuance of the Mandate Dissolved Any Stay in Effect**

The second requirement for obtaining enforcement against the bond has also

been met. The Ninth Circuit affirmed this Court's order on the sole remaining issue in dispute, the amount of the fee award and issued the mandate. *See* Dkt. 320. The Ninth Circuit's issuance of the mandate dissolved the stay of execution entered by this Court. *See Sletten v. Navellier Series Fund*, No. 03:00CV0167LRH(VPC), 2006 WL 2335566, at *1 (D. Nev. Aug. 10, 2006) ("The court agrees that its previous stay, entered pursuant to Federal Rule of Civil Procedure 62(d), expired when the Ninth Circuit issued its mandate."); *Paeste v. Gov't of Guam*, No. 1:11-CV-00008, 2016 WL 9450614, at *2 (D. Guam Apr. 8, 2016) ("The Court's stay entered in this case pursuant to Rule 62(d) expired when the Ninth Circuit issued its mandate affirming the Order."); *see also Revlon, Inc. v. Carson Prod. Co.*, 647 F.Supp. 905, 906 (S.D.N.Y. 1986) ("'[A] stay granted by a district court pending appeal to a court of appeals should be limited to the latter court.' Logically, a supersedeas bond securing the stay should also be limited to the court of appeals.") (quoting 7 MOORE'S FEDERAL PRACTICE ¶ 62.06 (2d ed. 1985)).

The appeal has been completed, resulting in the affirmance of this Court's monetary award, and the mandate has issued. Consequently, any corresponding stay has been lifted and Storix is now entitled to collect against the Bond and to receive the bonded sum of $427,932.81, from the Surety, Great American.

### D. Johnson's Petition for Writ of Certiorari Is Not a Legitimate Reason to Delay Enforcement on the Bond

Storix anticipates that Johnson will argue that his "appeal" is not final because he is petitioning for certiorari to the Supreme Court, and therefore the bond should not be released. This argument has been soundly rejected by district courts throughout the country, which have held only the circuit court or the Supreme Court may issue an order staying enforcement against a bond after the mandate issues. *See, e.g.*, *Sletten*, 2006 WL 2335566, at *1 (denying request that enforcement against supersedeas bond following issuance of court of appeals' mandate be stayed pending application for a writ of certiorari from the Supreme Court); *Paeste*, 2016 WL

9450614, at *2 (same); *Brinkman v. Dep't of Corr. of State of Kan.*, 857 F.Supp. 775, 777 (D. Kan. 1994) (same, concluding "only the court of appeals or a justice of the Supreme Court can stay the execution or enforcement of the court of appeals' judgment."); *PPC Broadband, Inc. v. Corning Optical Communications RF, LLC*, No. 5:11-cv-0761 (GLS/DEP), 2018 WL 3432741, at *6 (N.D.N.Y. June 18, 2018) (same), report and recommendation adopted, 2018 WL 3432708 (N.D.N.Y. July 16, 2018); *Hicks v. Cadle Co.*, No. 04-cv-02616 ZLW-KLM, 2010 WL 1351902, at *1 (D. Colo. Mar. 31, 2010) (same).

Johnson tried and failed to obtain a stay from the Ninth Circuit, which issued the mandate after denying Johnson's motion for a stay of the mandate pending the filing of his petition for writ of certiorari. *See* Dkt. 316. The Ninth Circuit issued the mandate notwithstanding the fact that Johnson had filed an application to the Supreme Court on April 29, 2020, for a stay of execution on the second amended judgment pending disposition of his petition for writ of certiorari. The Supreme Court then denied Johnson's application for a stay on May 12, 2020. Thus, Johnson has no options left to obtain an order staying enforcement.

Even if it was within this Court's power to issue a stay pending Johnson's frivolous writ petition to the Supreme Court, the facts of this case would not warrant such action. The Court's second amended judgment was upheld by the Ninth Circuit in a unanimous unpublished memorandum. No *en banc* review was had and there appears virtually zero chance that a writ of certiorari will issue. Moreover, once additional accrued interest and further costs are factored in, the amount that Storix is entitled to recover on its judgment will exceed the full amount of the Bond. In light of Johnson's repeated (albeit unsubstantiated) complaints of financial hardship, the Bond may be the only means of recovery available to Storix. The longer enforcement of the Bond is delayed, the greater Storix will be prejudiced by the delay and by an increasing accrual of interest on its judgment above the amount of the Bond that may prove to be unrecoverable.

The Ninth Circuit and the Supreme Court have both rejected Johnson's requests for a further stay. Even if this Court could do so, there is no reason to grant relief that the higher courts have denied. Equity simply does not require a further stay that would harm Storix and reward Johnson for his endless delay tactics.

## IV. CONCLUSION

For these reasons, Storix respectfully requests that the Court grant its Motion to Enforce Surety Liability with respect to the Bond in the full amount of $427,932.81.

DATED: June 3, 2020

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: *\/s/ Paul A. Tyrell*
Paul A. Tyrell (Bar No. 193798)
Sean M. Sullivan (Bar No. 254372)
Attorneys for Storix, Inc.